UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA AMARDA,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, in his official capacity as Secretary of Homeland Security; CHRISTOPHER J. LAROSE, in his official capacity as Warden of Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, in his official capacity as San Diego Field Officer Director, ICE Enforcement Removal Operations; DAVID VENTURELLA, in his official capacity as Acting Director of ICE; TODD BLANCHE, U.S. Attorney General; IMMIGRATION AND CUSTOMS ENFORCEMENT; and DEPARTMENT OF HOMELAND SECURITY,<br>Respondents. | Case No. 26-cv-4604-JES-JLB<br>**ORDER DISMISSING PETITION**<br>**[ECF No. 1]** |

Before the Court is Petitioner Veronica Amarda's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet.").

Upon consideration of a habeas petition under § 2241, the court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false." *Kourteva v. I.N.S.*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citing *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)).

Here, the Court is missing crucial information required to evaluate the claims in the petition. The petition only alleges that Petitioner is a Honduran national who is currently detained at the Otay Mesa Detention Center. Pet. ¶¶ 16-17. The petition alleges that Petitioner entered the United States on July 18, 2026, but does not provide information on the manner of that entry and whether Petitioner was ever given any parole. *Id.* ¶ 1. The petition alleges both that "Petitioner has remained in Respondents' custody since that time [of entry]," and that Petitioner was detained on July 27, 2026. *Id.* ¶¶ 1, 18. Without more information, the Court cannot find that Petitioner states a claim in the petition as it stands.

The Court is gravely concerned by these deficiencies in this pleading considering the severity of the allegations in the petition, such as that Petitioner has been deprived of due process by the U.S. government and is wrongfully detained. *See id.* ¶¶ 30-34. As explained above, the Petition contradicts itself regarding the date of Petitioner's detention. *See id.* ¶¶ 1, 18. The petition refers to Petitioner as "they" in one section and "he" in another. *See id.* ¶¶ 8, 16. The fact section of the petition is a mere 6 sentences long. *See id.* ¶¶ 16-20. Only one of those sentences contains any information which appears to be individualized to Petitioner's case, and the following sentence appears to refer to Petitioner by the wrong pronoun. *See id.*

While the Court recognizes that Petitioner's current detention makes legal proceedings difficult, these basic errors in factual basis for claims go beyond challenges attributable to detention alone. This petition was filed with the help of licensed counsel.

Accordingly, the Court **DENIES** the Petition without prejudice. Petitioner may file an amended petition by **<u>August 27, 2026,</u>** if Petitioner wishes to proceed with the case.

**IT IS SO ORDERED.**

Dated: August 19, 2026

Honorable James E. Simmons Jr.
United States District Judge